**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREY LENTZ,<br><br>            Plaintiff,<br><br>   v.<br><br>JOHN MURPHY, III, ESQ.,<br><br>            Defendant. | Civil Action No. 23-22489 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Trey Lentz's civil Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). The Court has reviewed Plaintiff's application and finds that IFP status is warranted in this matter. Plaintiff's application is therefore granted. Because the application is granted, this Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for lack of subject matter jurisdiction.

**I.    BACKGROUND**

      Plaintiff is a convicted state prisoner currently confined in the Monmouth County Correctional Institution. (IFP Appl. 5, 7, ECF No. 1-2.) In his Complaint,[1] Plaintiff alleges that his

---

[1] While the allegations contained in the Complaint are not entirely clear, the Court construes the allegations in a light most favorable to pro se Plaintiff. (*See generally* Compl., ECF No. 1.) *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings should be construed liberally).

attorney, Defendant John Murphy III, Esq. ("Murphy"), who appears to have represented Plaintiff in state court proceedings, filed a defective brief on Plaintiff's behalf. (Compl. *4[2].) Plaintiff vaguely recounts that, following a motor vehicle stop on August 7, 2023, he was subject to an unlawful search and seizure because the stop was not "individualized" and merely based on his location in a high crime area. (*Id.* at 4, 8.) Plaintiff contends that Murphy filed a brief on his behalf, in opposition to the prosecutor's brief seeking to "justify the search and seizure," that erroneously "aid[ed] the prosecutor's assumption" that the area of the motor vehicle stop was "[h]igh [crime]." (*Id.* at 4.)

## II.   LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the court will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"Federal courts, as courts of limited jurisdiction, have an obligation to establish subject matter jurisdiction, raising it *sua sponte* if necessary." *United States v. Port Imperial Ferry Corp.*, No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "call[s]

---

[2] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.

into question the very legitimacy of a court's adjudicatory authority." *Council Tree Commc'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (citation omitted); *see also Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) ("[The court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

### III.   DISCUSSION

#### A.   Plaintiff's IFP Application

Under 28 U.S.C. § 1915(a), an application to proceed IFP must contain an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted).

In support of the IFP application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl.) The IFP application is complete and indicates that Plaintiff is incarcerated at Monmouth County jail and does not receive any monthly income. (*Id.* at 1-2.) Plaintiff has no other sources of income or assets. (*Id.* at 2-3.) Plaintiff additionally includes an account statement with his application reflecting a balance of $0.00. (*Id.* at *7.) The Court, accordingly, finds that Plaintiff has established indigence and grants Plaintiff's IFP application.

B.     **Complaint Screening**

Upon review of Plaintiff's proposed Complaint and his IFP application, the Court finds that Plaintiff's filings are devoid of any factual or legal details demonstrating the basis for the Court's subject matter jurisdiction.

The Court has an ongoing duty to ensure that it has jurisdiction over Plaintiff's claims. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (stating that the Court "always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002))). This Court has jurisdiction if a federal question exists or there is diversity between the parties. 28 U.S.C. §§ 1441(a)-(b).

Construing the allegations generously, the Complaint fails to assert a basis for the Court to exercise federal question jurisdiction. On the pre-printed Complaint form, Plaintiff did not check any of the four boxes indicating the "basis for federal court jurisdiction." (Compl. 2, Section II(A).) He also left blank the section of the Complaint form requesting the specific federal statutes or laws that are at issue in this case. (*Id.*, Section II(B).) Plaintiff has therefore not met his burden of establishing federal question jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting the party who invokes the jurisdiction of a federal court has the burden of demonstrating its jurisdiction).

Similarly, the Complaint fails to allege that diversity jurisdiction exists. Plaintiff does not adequately allege diversity jurisdiction because the Complaint does not assert that the parties reside in different states, nor does it provide sufficient facts to support the legitimacy of a claim exceeding $75,000. (*See generally* Compl.) In fact, Plaintiff does not provide the citizenship of the parties and marked both lines as "N/A". (*Id.* at 3, Section II(C).)

Because the Court lacks subject matter jurisdiction over this action on either federal question or diversity grounds, this case must be dismissed. Given, however, that Plaintiff is proceeding pro se, and as a more comprehensive statement may reveal legitimate grounds for federal jurisdiction and relief, Plaintiff is granted thirty days to file an amended complaint that cures the deficiencies identified within this Memorandum Opinion.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed IFP (ECF No. 1-2) is granted, and Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice in its entirety. Within thirty days, Plaintiff may file an amended complaint that fixes the deficiencies identified in this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**